# EXHIBIT "A"

COPY 

Investor Loan # ██████████

**After Recording Return To:**
CitiMortgage, Inc.
1000 Technology Drive,  MS420
O'Fallon, MO 63368-2240

_____

This document was prepared by: Noreen Vance
CitiMortgage, Inc.
1000 Technology Drive
O'Fallon, MO 63368-2240

_____[Space Above This Line For Recording Data]_____

### HOME AFFORDABLE MODIFICATION AGREEMENT

Borrower ("I"):  DROISE  VALDES, A Married Man , Joined by his Spouse, YISLAY REYES
Lender or Servicer ("Lender"): CitiMortgage, Inc.
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): 09/24/08
Loan Number: ██████████
Property Address *[and Legal Description if recordation is necessary]* ("Property"):
15995 SW 53RD TER
MIAMI, FL, 33185-5076

**See attached legal description:**


If my representations and covenants in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage.  The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents."  Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement.  This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.      **My Representations and Covenants**.  I certify, represent to Lender, covenant and agree:

     A.      I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

     B.      One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;

_____

₊ If more than one Borrower or Mortgagor is executing this document, each is referred to as "I."  For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** - Single Family - **Fannie Mae/ UNIFORM INSTRUMENT**      Form 3157    3/09  (rev. 10/10) *(page 1 of 7 pages)*

C.   There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

D.   I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification Program ("Program"));

E.   Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

F.   If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

G.   I have made or will make all payments required under a trial period plan.

2.   **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

A.   If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

B.   I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3.   **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 12/01/13 (the "Modification First payment ") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on 12/01/13.

A.   The Maturity Date will be: 09/01/43.

B.   The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $ 266,787.48 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/ UNIFORM INSTRUMENT                              Form 3157          3/09 (rev. 10/10) *(page 2 of 7 pages)*

C.  Interest at the rate of 2.00000% will begin to accrue on the New Principal Balance as of 11/01/13 and the first new monthly payment on the New Principal Balance will be due on 12/01/13. My payment schedule for the modified Loan is as follows:

| Years | Int Rate | Int Rate Change Date | Monthly Principal and Int Payment Amount | Estimated Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-5 | 2.00000% | 11/01/13 | $ 990.12 | $ 526.78 May adjust periodically | $ 1,516.90 May adjust periodically | 12/01/13 | 60 |
| 6 | 3.00000% | 11/01/18 | $ 1,107.02 | May adjust periodically | May adjust periodically | 12/01/18 | 12 |
| 7 | 4.00000% | 11/01/19 | $ 1,227.04 | May adjust periodically | May adjust periodically | 12/01/19 | 12 |
| 8- Term | 4.12500 | 11/01/20 | $ 1,241.99 | May adjust periodically | May adjust periodically | 12/01/20 | 274 |
| | 0.00000% | 09/01/43 | $ 0.00 | May adjust periodically | May adjust periodically | 10/01/43 | 0 |

*  The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D.  I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E.  If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4.  **Additional Agreements**. I agree to the following:

A.  That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/ UNIFORM INSTRUMENT
Form 3157    3/09 (rev. 10/10) (page 3 of 7 pages)

B.  That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C.  To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D.  That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E.  That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F.  That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G.  That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage.  Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer.  If Lender exercises this option, Lender shall give me notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage.  If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H.  That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3.  A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan.  Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I.  That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J.  That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

L. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

M. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

N. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

[] MERS LOAN. If this box is checked, the loan evidenced by the Note and secured by the Security Instrument was assigned to or the Security Instrument was prepared in the name of Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address of 1901 E Voorhees Street Suite C, Danville, IL 61834 or P.O. Box 2026, Flint, MI 48501-2026, and telephone number of (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan

In Witness Whereof, the Lender and I have executed this Agreement.

CitiMortgage, Inc.

BY _Beverly LoDatto_

DATE _11/12/13_

Beverly LoDatto
Document Control Officer
CitiMortgage, Inc.

_____
DROISE VALDES

DATE _11-7-13_

_____
YISLAY REYES-Non borrowers
Spouse, I acknowledge
Agreement but do not assume
any personal liability on the Note.

DATE _11-7-2013_

_____ [Space Below This Line For Acknowledgement]_____

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/ UNIFORM INSTRUMENT**
**Form 3157**    **3/09 (rev. 10/10)** *(page 6 of 7 pages)*

**{Space Below This Line for Acknowledgment in Accordance with Laws of Jurisdiction}**

State of Florida )

County of Miami-Dade )

    **On the** _____7_____ day of _NOVIEMBRE_ , in the year _2013_ , before me, the undersigned, personally appeared DROISE VALDES, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within Instrument and acknowledged to me that HE/SHE/THEY executed the same in HIS/HER/THEIR capacity(ies), and that by HIS/HER/THEIR signatures(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

My Commission Expires: _10-3-2017_

MERCEDES HURTADO
MY COMMISSION # FF059913
EXPIRES: October 03, 2017

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

State of Florida )

County of Miami-Dade )

    **On the** _____7_____ day of _NOVEMBON_ , in the year _2013_ , before me, the undersigned, personally appeared YISLAY REYES, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within Instrument and acknowledged to me that HE/SHE/THEY executed the same in HIS/HER/THEIR capacity(ies), and that by HIS/HER/THEIR signatures(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

My Commission Expires: _10-3-2017_

MERCEDES HURTADO
MY COMMISSION # FF059913
EXPIRES: October 03, 2017

Legal Description:

Lot 15, Block 9, of WONDERLY ESTATES SECTION FOUR, according to the Plat thereof, as recorded in Plat Book 155, at Page 20, of the Public Records of MIAMI-DADE County, Florida.

**MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/ UNIFORM INSTRUMENT**
**Form 3157     3/09 (rev. 10/10)** *(page 7 of 7 pages)*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

State of Missouri            )
                             )
County of St Charles         )


On _____November 12, 2013_____, before me appeared Beverly LoDatto, to me personally known, being duly sworn or affirmed did say that she is a Document Control Officer Of CitiMortgage, Inc., and that said instrument was signed on behalf of said corporation, by authority of its Board of Directors, Beverly LoDatto, acknowledged said instrument to be the free act and deed of said corporation, and that such individual made such appearance before the undersigned in the City of O'Fallon, State of Missouri.

_Geneva English_
Notary Public

GENEVA ENGLISH
Notary Public - Notary Seal
State of Missouri
Commissioned for Lincoln County
My Commission Expires: March 13, 2016
Commission Number: 12314301

# EXHIBIT "B"

 **CitiMortgage**

P.O. Box 6243
Sioux Falls, SD 57117-6243
Customer Service 1-800-283-7918*
TTY Services available: Dial 711 from the United States;
Dial 1-866-280-2050 from Puerto Rico

**Escrow Account Disclosure Statement**

©2011 CitiMortgage, Inc. CitiMortgage, Inc. does business as Citicorp Mortgage in NM. CitiMortgage, Inc. is an equal housing lender. Citi, Arc Design, Citi and Arc Design are registered service marks of Citigroup Inc.

Page 1

 7-671-81576-0000591-001-1-010-010-000-000
DROISE VALDES
15995 SW 53RD TER
MIAMI FL 33185-5076



## Interim Escrow Analysis

| | |
|---|---|
| Account Number: | ▇▇▇▇▇▇▇ |
| Analysis Date: | November 21, 2013 |

At least once every 12 months, CitiMortgage reviews the amount of taxes, insurance and Mortgage Insurance, (if applicable), paid from your escrow account.  The review, called Escrow Account Disclosure Statement, determines if the expense for any of the items included in the review has increased or decreased from the prior year. If there was an increase or decrease, your monthly escrow payment will be adjusted. CitiMortgage may review your escrow account more often as needed.

## Mortgage Payment

| | | |
|---|---|---|
| New Monthly Payment Amount: | **$1,402.06** | New Payment Effective:  **January 01, 2014** |

| | CURRENT PAYMENT | NEW PAYMENT |
|---|---|---|
| PRINCIPAL/INTEREST | 990.12 | 990.12 |
| MONTHLY ESCROW PAYMENT | 526.78 | 411.94 |
| TOTAL PAYMENT | 1,516.90 | 1,402.06 |

- Your new monthly escrow payment represents 1/12th of your projected annual escrow disbursements.
- If your payment is issued by a third party, or if you make your payments through a bill pay service, please take the appropriate action to ensure that the new amount is updated with the service provider.

## Projections for the coming Year

Please keep this statement for reference next year.

| MONTH | PAYMENTS TO ESCROW ACCT | PAYMENTS FROM ESCROW ACCT | DESCRIPTION | PROJECTED BALANCE | REQUIRED BALANCE |
|---|---|---|---|---|---|
| Starting Balance: (Activity Assumed through November, 2013) | | | | $3,614.70- | $499.80 |
| DEC 13 | 526.78 | .00 | | 3,087.92- | 1,026.58 |
| JAN 14 | 342.21 | .00 | | 2,745.71- | 1,368.79 |
| FEB 14 | 342.21 | .00 | | 2,403.50- | 1,711.00 |
| MAR 14 | 342.21 | .00 | | 2,061.29- | 2,053.21 |
| APR 14 | 342.21 | .00 | | 1,719.08- | 2,395.42 |
| MAY 14 | 342.21 | .00 | | 1,376.87- | 2,737.63 |
| JUN 14 | 342.21 | .00 | | 1,034.66- | 3,079.84 |
| JUL 14 | 342.21 | .00 | | 692.45- | 3,422.05 |
| AUG 14 | 342.21 | .00 | | 350.24- | 3,764.26 |
| SEP 14 | 342.21 | .00 | | 8.03- | 4,106.47 |
| OCT 14 | 342.21 | .00 | | 334.18 | 4,448.68 |
| NOV 14 | 342.21 | 1,195.12 | HAZARD INSURANCE | 518.73- | 3,595.77 |
| NOV 14 | .00 | 2,911.35 | COUNTY TAX | 3,430.08- (a) | 684.42 (b) |
| DEC 14 | 342.21 | .00 | | 3,087.87- | 1,026.63 |
| TOTALS: | $4,106.52 | $4,106.47 | | | |

- Mortgage Insurance, if any, is not included in the required low point calculation.

## Determining Your Escrow Shortage/Surplus

Under Federal Law, your shortage will be spread over a 59 month period.
If your Projected Low-Point (a) is:
- Less than your Required Low-Point (b), you have a shortage.
- Greater than your Required Low-Point (b), you have a surplus.
- Equal to your Required Low-Point (b), the above does not apply.

| | | |
|---|---|---|
| PROJECTED LOW-POINT: | -3,430.08 | (a) |
| REQUIRED LOW-POINT (Cushion): | 684.42 | (b) |
| TOTAL ESCROW SHORTAGE: | 4,114.50 | |
| THE SHORTAGE DIVIDED OVER 59 MONTHS = $69.73 | | |

NOTE:  If your shortage was paid in full, your new monthly payment would be:
**$1,332.33 ($1,402.06 - $69.73 (MONTHLY SHORTAGE DEPOSIT))**

Paying the shortage in full will lower your payment; however, your payment may not return to the previous amount.  If your tax and/or insurance bill amounts have changed, we may now need to collect a different monthly amount for these bill(s), and this amount may be higher.  If you have questions about increased bills, contact your insurance agent or tax authority directly.

671-2248-0111F

# EXHIBIT "C"

# seterus ™

PO Box 2008; Grand Rapids, MI 49501-2008



0-769-09313-0013655-003-03-011-111-000-000  *L025J*

VALDES, DROISE
15995 SW 53RD TER
MIAMI FL  33185-5076

## Welcome to Seterus, Inc.
### www.seterus.com
### 866.570.5277

Loan number: ███████, serviced by Seterus, Inc.
Prior Servicer loan number: ███████

February 12, 2014

Dear VALDES, DROISE:

### Transfer of Servicing Notice

The servicing of your mortgage loan, that is the right to collect payments from you, is being transferred from CitiMortgage, Inc. to Seterus, Inc. effective February 1, 2014 (the "Transfer Date").

The assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date or at closing.

If you have any questions relating to the transfer of the servicing prior to the Transfer Date, call CitiMortgage, Inc. customer service toll-free at 1.800.283.7918, Monday thru Friday, from 7:00 a.m. to 12:00 a.m. (EST), Saturday from 8:00 a.m. to 8:00 p.m. (EST), and on Sunday from 12:00 p.m. to 11:00 p.m. (EST) or direct written inquiries to P.O. Box 660065, Dallas, TX  75266-0065. As of the Transfer Date, questions may be directed to Seterus Customer Service toll-free at 866.570.5277. On the Transfer Date, CitiMortgage, Inc. will stop accepting payments from you. Seterus will accept payments from you as of the Transfer Date. Send all payments due on or after that date to Seterus.

As of the Transfer Date, any mortgage, life, disability, or any other type of optional insurance offered to you by your prior servicer was cancelled.  If you wish to maintain the coverage, please contact the insurance carrier directly.

(Continued)

Seterus NMLS ID Number: 2315

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT, BUT NOTICE OF POSSIBLE ENFORCEMENT OF OUR LIEN AGAINST THE COLLATERAL PROPERTY. **COLORADO:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 250, Lakewood, CO 80228. The office's phone number is 888.738.5576. **NEW YORK CITY:** 1331537, 1340663, 1340148. **TENNESSEE:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Seterus, Inc. is licensed to do business at 14523 SW Millikan Way, Beaverton, OR.

L025J

Seterus, Inc.
14523 SW Millikan Way, Suite 200
Beaverton, OR 97005

Business Hours (Pacific Time)
Monday–Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

769-3040-0413F

VALDES, DROISE
February 12, 2014
Loan number: ███████

Please note that this cancellation of optional insurance does not impact your existing hazard or homeowner's insurance coverage.

You should be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA). During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by Seterus as late, and a late fee may not be imposed on you.

Section 6 of RESPA gives you certain consumer rights. If you send a "qualified written request" to Seterus concerning the servicing of your loan, Seterus must provide you with a written acknowledgement within five Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by Seterus, which includes your name, account number, and your reasons for the request.

Not later than 30 Business Days after receiving your request, Seterus must make any appropriate corrections to your account and must provide you with a written clarification regarding any dispute. This 30-day period may be extended for up to 15 days if, before the end of such 30-day period, Seterus notifies you of the extension and the reason for delay in responding. During the 60-Business Day period beginning on the date of receipt of a qualified written request, Seterus may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent Seterus from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is a day on which the offices of Seterus are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals and classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

Please know that if you are currently participating in, or being considered for a loss mitigation solution (Home Affordable Modification Program, forbearance agreement, short sale, refinance, or deed-in-lieu of foreclosure), we expect your documentation to be forwarded from CitiMortgage, Inc.. As of the Transfer Date, you should send your payments to Seterus (e.g., trial period plan payments under Home Affordable Modification Program) until such time that we provide additional direction in writing. We will notify you of our decision regarding qualification. Please note that this transfer may extend the time needed for a final decision.

All funds received by Seterus for payments are first applied to contractual installments due, and the oldest installments due are paid first. If we receive a partial payment (an amount less than the full amount due), these funds are held in your suspense account. If we subsequently receive additional funds that, when combined with funds in suspense, amount to a full payment (including the escrow portion of the amount due), the funds will be applied to that payment. Excess funds may be applied to outstanding fees and advances on the loan.

We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

We look forward to servicing your mortgage!

Sincerely,


Seterus, Inc.

# EXHIBIT "D"

# seterus™

PO Box 2008; Grand Rapids, MI 49501-2008

**Physical Address**
14523 SW Millikan Way; Suite 200; Beaverton, OR 97005

**Business Hours (Pacific Time)**
Monday-Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

**Payments**
PO Box 11790; Newark, NJ 07101-4790

**Correspondence**
PO Box 2008; Grand Rapids, MI 49501-2008

**Phone**
866.570.5277

**Fax**
866.578.5277

**Website**
www.seterus.com

June 3, 2014

000222
*L991AB.1*
MERCEDES SALADRIGAS
7955 NW 12 ST #400
MIAMI, FL 33126

RE: Loan No.: ███████
Borrower Name: VALDES, DROISE
Property: 15995 SW 53RD TER
MIAMI, FL 33185-5076

Dear MERCEDES SALADRIGAS:

Seterus, Inc. is the servicer of the above-referenced loan. Our records indicate that you or your firm represents the borrower(s) listed above.

Enclosed is information related to your client's loan. This letter and enclosures shall not be construed as a waiver of the loan owner's or Seterus, Inc. rights under the loan documents and any applicable laws.

If you or your firm no longer represents the borrower(s), please notify us at the phone number or correspondence address above.

Sincerely,

Seterus, Inc.

Enclosure: L516

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT, BUT NOTICE OF POSSIBLE ENFORCEMENT OF OUR LIEN AGAINST THE COLLATERAL PROPERTY. **COLORADO:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 250, Lakewood, CO 80228. The office's phone number is 888.738.5576. **NEW YORK CITY:** 1411669, 1411665, 1411662. **TENNESSEE:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Seterus, Inc. is licensed to do business at 14523 SW Millikan Way, Beaverton, OR.

# EXHIBIT "E"

eterus.™

O Box 1077, Hartford, CT 06143-1077

**IMPORTANT TAX RETURN INFORMATION BELOW**

4-769-17333-0040368-009-1-000-000-000-000

DROISE VALDES
15995 SW 53RD TER
MIAMI FL  33185-5076

PAGE 1

ACCOUNT NUMBER: ███████
FOR INFORMATION CALL: 866.570.5277
CUSTOMER SERVICE HOURS:
Monday - Thursday 5 a.m. to 9 p.m.
Friday 5 a.m. to 6 p.m. (Pacific Time)

---

## SEE REVERSE SIDE FOR ADDITIONAL INFORMATION

IENT'S/LENDER'S name, street address, city or town, state or province, country, ZIP or postal code, and telephone number

RUS, Inc.
x 1077
rd, CT 06143-1077

ner Service: 866-570-5277

S/BORROWER'S name, street address (including apt. no.), city or town, state or province, and ZIP or foreign postal code

ROISE VALDES
995 SW 53RD TER
AMI FL  33185-5076

| | |
|---|---|
| CORRECTED (if checked) | |

*Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person.

OMB No. 1545-0901

**2015**

Form **1098**

**Mortgage Interest Statement**

| 1 Mortgage interest received from payer(s)/borrower(s)* $ 4,292.54 |
|---|
| 2 Points paid on purchase of principal residence $ 0.00 |
| 3 Refund of overpaid interest $ 0.00 |
| 4 Mortgage Insurance Premiums $ 0.00 |
| 5 Property Taxes $ 2,786.93 |

| RECIPIENT'S federal identification no. | PAYER'S social security number |
|---|---|
| 27-4605449 | XXX-XX-2717 |

Account number (see instructions) ████████

**Copy B**
**For Payer/Borrower**
The information in boxes 1, 2, and 3 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return.

B    (Keep for your records)    www.irs.gov/form1098    Department of the Treasury - Internal Revenue Service

---

# ACCOUNT STATEMENT

TERUS, Inc.
 Box 1077
tford, CT 06143-1077
#: 27-4605449

DROISE VALDES
15995 SW 53RD TER
MIAMI FL  33185-5076

Tax Year: 2015
Acct#: ███████
Social Security No. : XXX-XX-2717

The following is a statement of your account for the period during which we have serviced your loan:

**PRINCIPAL RECONCILIATION**
Beginning Principal Balance: $260,068.13
Ending Principal Balance: $254,459.47

Amount Added to Principal Due to
Negative Amortization: $0.00

**ESCROW RECONCILIATION**
Beginning Escrow Balance: -$1,478.86
Total Escrow Deposits: $6,778.50
Total Escrow Disbursements: $4,187.93
Ending Escrow Balance: $1,111.71
Interest on Escrow: $0.00

**REAL ESTATE TAXES ADVANCED**
Property Taxes: $2,786.93

KEEP THIS STATEMENT FOR YOUR INCOME TAX RECORDS

# EXHIBIT "F"

*(handwritten: Joyce Petersen)*

# seterus™

PO Box 1077; Hartford, CT 06143-1077

*(handwritten: A44 to Loan #)*

*(handwritten: 2014 february 1)*
*(handwritten: FAX → 877-649-0743.)*
*(handwritten: April.)*

L115AP.1

**Business Hours (Pacific Time)**
Monday-Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

**Physical Address**
14523 SW Millikan Way; Suite 200; Beaverton, OR 97005

**Payments**
PO Box 11790; Newark, NJ 07101-4790

**Correspondence, Inquiries, and Notices**
PO Box 1077; Hartford, CT 06143-1077

**Phone:** 866.570.5277
**Fax:** 866.578.5277
www.seterus.com

000494

VALDES, DROISE
15995 SW 53RD TER
MIAMI, FL 33185



March 28, 2016
Loan number: ███████
Serviced by Seterus, Inc.

RE: 15995 SW 53RD TER
    MIAMI, FL 33185-5076

Your loan is in default, due to the non-payment of the following amount:
Amount Due:      $7,141.03
Amount Due By:   May 02, 2016  ("Expiration Date")

We hereby demand that you bring your loan up to date ("cure this default") by payment of the amount due stated above. In addition, your regular payment may become due by the Expiration Date. The delinquent amount of principal continues to accrue interest.

If full payment of the default amount is not received by us in the form of a certified check, cashier's check, or money order on or before May 02, 2016, we will accelerate the maturity date of your loan and upon such acceleration the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.

Failure to cure the default on or before the Expiration Date may result in acceleration of the sums secured by the Security Instrument, foreclosure by judicial proceeding, and sale of the property. If you send only a partial payment, the loan still will be in default. Additionally, we will keep the payment and may accelerate the maturity date.

IF THE DEFAULT IS NOT CURED ON OR BEFORE THE EXPIRATION DATE, THE OWNER OF THE LOAN AT ITS OPTION MAY REQUIRE IMMEDIATE PAYMENT IN FULL OF ALL SUMS SECURED BY THE SECURITY

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT. THIS NOTICE IS BEING FURNISHED FOR YOUR INFORMATION AND TO COMPLY WITH APPLICABLE LAWS AND REGULATIONS. IF YOU RECEIVE OR HAVE RECEIVED A DISCHARGE OF THIS DEBT THAT IS NOT REAFFIRMED IN A BANKRUPTCY PROCEEDING, YOU WILL NOT BE PERSONALLY RESPONSIBLE FOR THE DEBT. **COLORADO:** SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT. Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 250, Lakewood, CO 80228. The office's phone number is 888.738.5576. **NEW YORK CITY:** 1411669, 1411665, 1411662. **TENNESSEE:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Seterus, Inc. is licensed to do business at 14523 SW Millikan Way, Beaverton, OR.

VALDES, DROISE
March 28, 2016
Loan number: ███████████

INSTRUMENT WITHOUT FURTHER DEMAND AND MAY FORECLOSE THE SECURITY INSTRUMENT BY
JUDICIAL PROCEEDING. FORECLOSURE PROCEEDINGS WILL NOT BE COMMENCED UNLESS AND UNTIL
ALLOWED BY APPLICABLE LAW. ADDITIONAL FEES SUCH AS FORECLOSURE COSTS AND LEGAL FEES MAY
BE ADDED PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.

Nothing contained in this letter or in any other communication regarding the loan shall modify or waive
any term or provision of the loan.

You have the right to reinstate your loan after acceleration and the right to assert in the foreclosure
proceeding the non-existence of a default or any other defense to acceleration and foreclosure. If you
reinstate your loan after acceleration, the loan no longer will be immediately due in full.

If you have any questions, please contact us at 866.570.5277.  For borrowers having difficulty making
their payments, we have loan specialists available Monday-Thursday 5 a.m. to 9 p.m., Friday 5 a.m. to 6
p.m., and Saturday 9 a.m. to 12 p.m. (Pacific time). Saturday hours may vary.

Sincerely,


Seterus, Inc.



Enclosure(s):  SCRA Notice


IMPORTANT NOTE(S):
**This letter does not impact any loss mitigation offers that you may have recently received; you can
still choose to accept that offer by responding as directed in that offer.**

# EXHIBIT "G"

# seterus™

PO Box 1077; Hartford, CT 06143-1077

**Business Hours (Pacific Time)**
Monday-Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

**Physical Address**
14523 SW Millikan Way; Suite 200; Beaverton, OR 97005

**Payments**
PO Box 11790; Newark, NJ 07101-4790

**Correspondence, Inquiries, and Notices**
PO Box 1077; Hartford, CT 06143-1077

Phone: 866.570.5277
Fax: 866.578.5277
www.seterus.com

L115AP.1

VALDES, DROISE
15995 SW 53RD TER
MIAMI, FL 33185

August 4, 2016
Loan number: ███████
Serviced by Seterus, Inc.

RE: 15995 SW 53RD TER
MIAMI, FL 33185-5076

Your loan is in default, due to the non-payment of the following amount:

    Amount Due:     $8,728.62
    Amount Due By:  September 08, 2016  ("Expiration Date")

We hereby demand that you bring your loan up to date ("cure this default") by payment of the amount due stated above. In addition, your regular payment may become due by the Expiration Date. The delinquent amount of principal continues to accrue interest.

If full payment of the default amount is not received by us in the form of a certified check, cashier's check, or money order on or before September 08, 2016, we will accelerate the maturity date of your loan and upon such acceleration the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.

Failure to cure the default on or before the Expiration Date may result in acceleration of the sums secured by the Security Instrument, foreclosure by judicial proceeding, and sale of the property. If you send only a partial payment, the loan still will be in default. Additionally, we will keep the payment and may accelerate the maturity date.

IF THE DEFAULT IS NOT CURED ON OR BEFORE THE EXPIRATION DATE, THE OWNER OF THE LOAN AT ITS OPTION MAY REQUIRE IMMEDIATE PAYMENT IN FULL OF ALL SUMS SECURED BY THE SECURITY

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT. THIS NOTICE IS BEING FURNISHED FOR YOUR INFORMATION AND TO COMPLY WITH APPLICABLE LAWS AND REGULATIONS. IF YOU RECEIVE OR HAVE RECEIVED A DISCHARGE OF THIS DEBT THAT IS NOT REAFFIRMED IN A BANKRUPTCY PROCEEDING, YOU WILL NOT BE PERSONALLY RESPONSIBLE FOR THE DEBT. COLORADO: SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT. Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 250, Lakewood, CO 80228. The office's phone number is 888.738.5576. NEW YORK CITY: 1411669, 1411665, 1411662. TENNESSEE: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Seterus, Inc. is licensed to do business at 14523 SW Millikan Way, Beaverton, OR 97005.

VALDES, DROISE
August 4, 2016
Loan number: ██████████

INSTRUMENT WITHOUT FURTHER DEMAND AND MAY FORECLOSE THE SECURITY INSTRUMENT BY JUDICIAL PROCEEDING. FORECLOSURE PROCEEDINGS WILL NOT BE COMMENCED UNLESS AND UNTIL ALLOWED BY APPLICABLE LAW. ADDITIONAL FEES SUCH AS FORECLOSURE COSTS AND LEGAL FEES MAY BE ADDED PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.

Nothing contained in this letter or in any other communication regarding the loan shall modify or waive any term or provision of the loan.

You have the right to reinstate your loan after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense to acceleration and foreclosure. If you reinstate your loan after acceleration, the loan no longer will be immediately due in full.

If you have any questions, please contact us at 866.570.5277. For borrowers having difficulty making their payments, we have loan specialists available Monday-Thursday 5 a.m. to 9 p.m., Friday 5 a.m. to 6 p.m., and Saturday 9 a.m. to 12 p.m. (Pacific time). Saturday hours may vary.

Sincerely,


Seterus, Inc.



Enclosure(s): SCRA Notice


IMPORTANT NOTE(S):
This letter does not impact any loss mitigation offers that you may have recently received; you can still choose to accept that offer by responding as directed in that offer.